IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *f/u/b/o* WILLIAM E. GROVES CONSTRUCTION, LLC and WILLIAM E. GROVES CONSTRUCTION, LLC, | : : : : : |
| Plaintiffs, | : Case No: _____ |
| vs. | : : |
| SAF, INC. and FEDERAL INSURANCE COMPANY, | : : : |
| Defendants. | : |

## **COMPLAINT**

Comes the Use Plaintiff and the Plaintiff, William E. Groves Construction, LLC (hereinafter "Groves"), in the name of the United States of America and in its own right, by counsel, and, for its Complaint in the above-styled action, states as follows:

1. Groves is a Kentucky limited liability corporation with its principal place of business located at 3135 Grapevine Road, Madisonville, Hopkins County, Kentucky 42431. Groves is the successor to William E. Groves Construction, Inc., which is referenced in a certain subcontract further identified elsewhere in this Complaint.

2. Defendant, SAF, Inc. ("SAF") is an Ohio corporation with its principal place of business at 130 E. Voris Street, Unit A, Akron, Summit County, Ohio 44311.

3. Defendant Federal Insurance Company ("Federal") is an Indiana corporation with its principal place of business at 202B Hall's Mill Road, Whitehouse Station, Hunterdon County, New Jersey 08889.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter under 28 U.S.C. §1331 and 40 U.S.C. §3133(b)(3)(B) as it asserts a claim under the Miller Act, 40 U.S.C. §3131, *et seq.*

5. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. §1332 as the citizenship of the Plaintiff is diverse from the citizenship of all Defendants and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. §1391 and 40 U.S.C. §3133(b)(3)(B) as the contract upon which the action is based was performed within this District.

7. Venue is proper in the Eastern Division pursuant to S.D. Ohio Civ. R. 82.1(e) as no defendant is a resident of this District and a substantial part of the events or omissions giving rise to the claim occurred in Washington County, Ohio.

## COMMON ALLEGATIONS OF FACT

8. Groves incorporates, as if full set forth below, the allegations contained in numerical paragraphs 1 through 7 of this complaint.

9. Upon information and belief, on or about March 22, 2019, SAF entered into Multiple Award Task Order Contract No. W9123720D0001 with the United States Army Corps of Engineers ("USACE").

10. Upon information and belief, on or about September 25, 2020, SAF entered into Task Order No. W9123720F0408 with USACE for the construction of a project in Newport, Ohio known as Willow Island – Hydraulic System Replacement, Newport, OH ("the Project").

11. William E. Groves Construction, Inc. entered into subcontract no. 637-ISA-002 dated October 20, 2020, with SAF wherein William E. Groves Construction, Inc. agreed to provide

certain electrical work and materials for the Project (the "Subcontract"). A true and accurate copy of the Subcontract is attached hereto as Exhibit "A".

12. The Subcontract was assumed by Groves.

13. On or about September 27, 2022, USACE terminated SAF's right to proceed with work on the Project for default. A true and accurate copy of the Notice of Termination is attached hereto as Exhibit "B".

14. On September 28, 2022, SAF informed Groves that USACE had terminated SAF's right to proceed with work on the Project. SAF further directed Groves to demobilize from the Project by 5:00 PM Eastern on September 30, 2022. Groves performed as directed and fully demobilized from the Project on September 30, 2022.

## COUNT I
## BREACH OF CONTRACT AGAINST SAF

15. Groves incorporates herein, as if fully set forth below, the allegations contained in numerical paragraphs 1 through 14 of this Complaint.

16. The Subcontract is valid, binding, and enforceable.

17. Groves performed all obligations owing under the Subcontract.

18. Pursuant to the Subcontract, Groves had the right to provide work and materials for the Project in exchange for payment of $786,919.00.

19. On September 28, 2022, SAF terminated Groves' right to proceed under the Subcontract effective as of 5:00 PM Eastern on September 30, 2022.

20. SAF terminated the Subcontract before Groves could provide all of the agreed work and materials for the Project.

21. As of December 13, 2022, Groves had invoiced a total of $637,542.17 for work and materials provided for the Project prior to termination of the Subcontract.

22. There remains due and owing to Groves the sum of $512,542.17 for work and materials provided for the Project prior to termination of the Subcontract.

23. At the time the Subcontract was terminated, work and materials valued at no less than $149,376.83 remained to be provided by Groves.

24. Among other things, termination of the Subcontract prevented Groves from earning its anticipated profit of not less than $29,875.37 through Groves' provision of the remaining work and materials for the Project.

25. Despite repeated demands from Groves, SAF has failed and refused to make full payment to Groves for work and materials provided for the Project prior to termination of the Subcontract.

26. Despite repeated demands from Groves, SAF has failed and refused to compensate Groves for its damages incurred because of termination of the Subcontract.

27. SAF is liable to Groves for failing to make payment to Groves for work and materials provided for the Project prior to termination of the Subcontract.

28. SAF is liable to Groves for failing to make payment to Groves for its damages incurred because of SAF's termination of the Subcontract.

COUNT II
MILLER ACT CLAIM AGAINST FEDERAL

29. Groves incorporates herein, as if fully set forth below, the allegations contained in numerical paragraphs 1 through 28 of this Complaint.

30. In connection with the Project, SAF and Federal, as principal and surety, respectively, executed a Payment Bond. A true and accurate copy of the front page of the Payment Bond is attached hereto as Exhibit "C".

31. The amounts invoiced by Groves but unpaid constitute an amount to which Groves

is justly due for work and materials provided for the Project.

32. Groves has fulfilled all conditions precedent to its recovery against the Payment Bond executed by Federal, as surety, and SAF, as principal, in connection with the Project.

33. Groves last performed work on the Project on September 30, 2022.

34. Pursuant to the terms of the Payment Bond and in accordance with 40 U.S.C. § 3131, *et seq.*, Federal is liable to Groves for payment of amounts justly due Groves for work and materials provided for the Project, which includes but is not limited to unpaid contract balances, pre-judgment interest, and attorneys' fees.

**WHEREFORE**, the Plaintiff and Use Plaintiff, William E. Groves Construction, LLC, respectfully requests:

1. On Count One of the Complaint, for a judgment against Defendant, SAF, Inc., in an amount to be determined at trial as sufficient to compensate Plaintiff and Use Plaintiff for the work performed on the Project, including an amount sufficient to compensate Plaintiff and Use Plaintiff for its damages resulting from Defendant's termination of the Subcontract;

2. On Count Two of the Complaint, for a judgment against Defendant, Federal Insurance Company, in an amount to be determined at trial as sufficient to compensate Plaintiff and Use Plaintiff for the work and materials provided for the Project;

3. For an award of pre- and post-judgment interest at the legal rate, as appropriate; and

4. For any and all other relief to which Plaintiff and Use Plaintiff may properly appear entitled.

Respectfully submitted,

*/s/ A.J. Manion*
A.J. Manion (74391)
MANION STIGGER, LLP
One Riverfront Place
20 N.W. First St., Suite 200
Evansville, Indiana 47708
Telephone: (812) 425-5200
Facsimile: (812) 425-2464
E-mail: ajmanion@manionstigger.com
*Counsel for William E. Groves Construction, LLC*